IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMETRICE MITCHELL, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Civil Action No. 2:17cv214-WHA ) (WO) |
| POLK COUNTY SHERIFF'S DEPARTMENT, *et al.*, | ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This action is before the court on Demetrice Mitchell's ("Mitchell") self-styled "Federal Tort Claim Bivens Action Complaint for Damages, False Arrest/False Imprisonment Negligence Violations of the Fourth and Fifth Amendment Rights of the United States Citizens Pursuant to Title 42 U.S.C. § 1983." (Doc. No. 1.) In his complaint, Mitchell alleges that his constitutional rights were abridged by several officers with the Polk County Sheriff's Department in Polk County, Florida. Upon review of the complaint, the court finds that this case should be transferred to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1406(a).

**II. DISCUSSION**

Title 28 § 1391(b) provides that a civil action may be brought in any judicial district (1) "in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if

there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)-(3). The law further provides that when a case is filed "laying venue in the wrong division or district" the court may, "if it be in the interest of justice, transfer such case to any district ... where it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought[.]" 28 U.S.C. § 1404(a).

Polk County, Florida, is located within the jurisdiction of the United States District Court for the Middle District of Florida. Mitchell complains about actions taken by officers with the Polk County Sheriff's Department in searching his residence, effecting his arrest, and booking him into jail. (Doc. No. 1 at 2–5.) Thus, it is apparent that the actions about which he complains occurred in the Middle District of Florida. It further appears that the individual officer/defendants named in his complaint reside in the Middle District of Florida.

Under the circumstances of this case, the claims asserted by Mitchell are beyond the venue of this court. The relevant evidence and those individuals with personal knowledge of the matters about which Mitchell complains are located in the Middle District of Florida. Consequently, the court concludes that in the interest of justice and for the convenience of the parties, this case should be transferred to the United States District Court for the Middle District of Florida for review and disposition.[1]

### III. CONCLUSION

---

[1] In transferring this case, the court makes no determination regarding the merits of Mitchell's claims for relief.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1406(a).

It is further

ORDERD that on or before May 4, 2017, the parties may file objections to the Recommendation. Any objections must specifically identify the factual findings and legal conclusions in the Recommendation objected to. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 20th day of April, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge